UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| KAY CAMPBELL and JANIS HOLSTEIN, on behalf of themselves and others similarly-situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | NO. 1:09-cv-1430-LJM-DML |
| ADVANTAGE SALES & MARKETING, LLC, | ) ) ) ) | |
| Defendant. | ) | |

**ORDER ON PLAINTIFFS' MOTION TO CERTIFY COLLECTIVE ACTION AND NOTICE TO POTENTIAL PLAINTIFFS AND DEFENDANT'S MOTION TO STRIKE INADMISSIBLE PORTIONS PLAINTIFFS' AFFIDAVITS**

This matter is before the Court on plaintiffs' Kay Campbell ("Campbell") and Janis Holstein ("Holstein") (collectively, "Plaintiffs") Motion to Certify Collective Action and Notice to Potential Plaintiffs ("Motion to Certify"). Also before the Court is defendant's Advantage Sales and Marketing, LLC ("Defendant") Motion to Strike Inadmissible Portions Plaintiffs' Affidavits ("Motion to Strike"). For the reasons set forth herein, Defendant's Motion to Strike (Dkt. No. 24) is **DENIED**. Plaintiffs' Motion to Certify (Dkt. No. 16) under the Fair Labor Standards Act ("FLSA") is **GRANTED in part**.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiffs filed suit against Defendant alleging violations of the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207, *et seq.*

1

Defendant is a sales and marketing company specializing in outsourced sales, merchandising, category management, and marketing services to manufacturers, suppliers, and producers of food products and consumer packaged goods. Mathews Aff. at ¶ 4; Kilpatrick Aff. at ¶ 4; Blalock Aff. at ¶ 4. Campbell was employed by Defendant from October 2001 to March 2009, during which time she served as a Retail Sales Merchandiser ("RSM")[1] and then a Supervising Manager over various RSMs. Campbell Aff. at ¶ 2. Holstein was employed by Defendant as an RSM beginning in January 2006 and continuing to the present time. Holstein Aff. at ¶ 2. The suit concerns Plaintiffs' employment as RSMs.

RSMs are responsible for serving Defendant's various accounts at retail establishments, including convenience stores and big box stores, and are compensated on an hourly basis. Mathews Aff. at ¶ 6; Kilpatrick Aff. at ¶ 6; Blalock Aff. at ¶ 6; Buckner Aff. at ¶ 4; Campbell Aff. at ¶ 4; Davis Aff. at ¶ 4; Holstein Aff. at ¶ 4. The job duties of an RSM include visiting various retail establishments in a given region to ensure that products represented by Defendants are properly displayed and merchandised. Mathews Aff. at ¶ 8; Kilpatrick Aff. at ¶ 8; Blalock Aff. at ¶ 8; Buckner Aff. at ¶ 6; Campbell Aff. at ¶ 6; Davis Aff. at ¶ 6; Holstein Aff. at ¶ 6. Additionally, RSMs must compile data regarding each store visited and transmit this data via PDA to Defendant, as well as complete various administrative duties and paperwork. *Id.* Defendant has three systems for logging the hours worked by its employees: E-Labor, PTS, and Natural Insights. Jervis Aff. at 5–6.

---

[1] In their proposed class definition, Plaintiffs seek to includes persons designated "Merchandising Representatives" and "Merchandising Sales Representatives." Defendant denies that any of its employees holds either of these titles, and Plaintiffs have not brought forth evidence to the contrary. Therefore, any class certified will only include those employees with the "Retail Sales Merchandiser" title.

Plaintiffs both used the E-Labor system, which requires that the employee enter a personalized code into a computerized telephone terminal to clock in and clock out. Dkt. No. 1 at 5; Dkt. No. 8 at 3. Hours recorded in the E-Labor system determine an employee's compensation. Dkt. No. 8 at 3. Not all RSMs use the E-Labor system for time reporting. Jervis Aff. at 4. All parties agree that RSMs are non-exempt employees under the FLSA and Defendant is an employer within the meaning of the statute.

Plaintiffs allege that during their employment as RSMs, Defendant, in violation of the overtime provisions of the FLSA, declined to pay compensation for work performed totaling more than forty hours per week. Dkt. No. 1 at 7. Plaintiffs contend that the RSM position generally required between forty-five and fifty-five hours of work per week, and that Defendant had a practice and policy of encouraging employees to work hours above forty "off the books" to avoid the required one-and-a-half-time compensation. *Id.* at 5–6. Further, Plaintiffs allege that RSMs who reported and sought compensation for more than forty hours per week were subject to discipline, up to and including termination of employment, and that managers of RSMs would enter the E-Labor timekeeping system and adjust the records of these employees to reflect only forty hours of work performed per week. *Id.* Plaintiffs further contend that this failure to comply with the FLSA was willful, knowing, and in bad faith. *Id.* at 7.

Plaintiffs filed a Motion to Certify with the Court seeking collective action certification under 29 U.S.C. § 216(b), which allows an FLSA claim to be designated a collective action on behalf of those "similarly situated" individuals who opt into the suit. Plaintiffs seek to designate a class as follows:

All persons who are or have been employed by Defendant as a "Retail Sales

> Merchandiser," "Merchandising Representative," or "Merchandising Sales Representative," who were wrongfully denied overtime compensation as required by the FLSA, or not paid for all time they worked for Defendant and therefore erroneously denied overtime compensation as required by law, at any time within the United States within the last three (3) years preceding the Court's Order approving the conditional certification of the collective action through the present.

In addition, Plaintiffs seek an Order requiring Defendant to submit a list of the names and addresses of all persons falling within the proposed class and authorizing court-facilitated notice to these persons.

Accompanying the Motion to Certify, Plaintiffs included seven affidavits—four from persons employed by Defendant as RSMs and three from persons employed as managers who oversaw the work of RSMs. Defendant filed a Motion to Strike numerous statements from these affidavits, alleging that the statements are not admissible and should not be considered by the Court in ruling upon Plaintiffs' Motion to Certify.

## II. DISCUSSION

### A. DEFENDANT'S MOTION TO STRIKE

In its brief supporting the Motion to Strike, Defendant asserts that many statements in the affidavits attached to Plaintiffs' Motion to Certify should be stricken because they would not be admissible were the case to proceed to trial. Dkt. No. 25 at 1. In particular, Defendant argues that the statements contain hearsay, are not based on personal knowledge, make impermissible legal conclusions, and fail to adequately identify the "upper management" personnel alleged to have communicated the challenged policies. *Id.* Plaintiffs claim that the statements are admissible and, in the alternative, argue that for the collective action certification stage of an FLSA claim the evidence provided in support of

4

certification need not be admissible to be considered. Dkt. No. 35 at 2, 9.

Even within this Circuit, courts are split as to whether inadmissible evidence may be considered at the certification stage of an FLSA collective action suit. *Compare Molina v. First Line Solutions*, 566 F. Supp. 2d 770, 789 n.20 (N.D. Ill. 2007) (allowing hearsay evidence to be considered in determining whether to certify collective action) *with Acevedo v. Ace Coffee Bar, Inc.,* 248 F.R.D. 550, 555 (N.D. Ill. 2008) ("Despite the liberal standard applied at step one of conditional certification, courts still require plaintiffs to make factual allegations supported by admissible evidence."). In *Mares v. Caesars Entm't, Inc.*, No. 06-CV-0060, 2007 WL 118877 (S.D. Ind. Jan. 10, 2007) (Tinder, J.), this court noted that the affidavits submitted by Mares contained numerous statements that would ordinarily be inadmissible because they were not based on personal knowledge. *Id.* at *3. However, rather than striking the statements, then District Judge Tinder factored the hearsay nature of the statements into the overall calculus to determine whether the plaintiff had produced sufficient evidence to warrant collective action certification. *Id.* Other courts have taken similar approaches. *See, e.g., Anyere v. Wells Fargo, Co.*, No. 09-C-2769, 2010 WL 1542180, *2 n.1 (N.D. Ill. Apr. 12, 2010) (applying a liberal standard to the type of evidence used in a preliminary FLSA collective action certification and declining to strike hearsay statements); *Coan v. Nightingale Home Healthcare,Inc.*, No. 05-CV-101, 2005 WL 1799454, *1 n.1 (S.D. Ind. June 29, 2005) (Hamilton, J.) (allowing hearsay statements to be used in determining certification of a collective action). The Court agrees with the result reached by these courts and declines to strike the statements at this time. Going forward, Defendant can still challenge the statements contained in the affidavits, should the need arise.

## B. PLAINTIFFS' MOTION TO CERTIFY

The FLSA allows an action for unpaid overtime compensation to be brought "by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). FLSA collective action certification differs from certification of a class action under Rule 23 of the Federal Rules of Civil Procedure because potential FLSA collective action members must affirmatively opt in to be bound. *Carter v. Indianapolis Power & Light Co.*, No. 02-CV-01812, 2003 WL 23142183, *2 (S.D. Ind. Dec. 23, 2003) (Barker, J.). Rule 23 and its standards, therefore, do not apply to a collective action under the FLSA. *Id.* To opt in, a potential plaintiff must file written consent with the Court. 29 U.S.C. § 216(b). In its discretion, a District Court may authorize notice to similarly situated employees so that they may opt in to a collective action class. *Hoffman-LaRoche Inc. v. Sperling*, 493 U.S. 165, 169 (1989).

When determining the issue of collective action certification in an FLSA claim, the Court engages in a two-step inquiry. *Cheesman v. Nexstar Broad. Group, Inc.*, No. 07-CV-360, 2008 WL 2225617, *2 (S.D. Ind. May 27, 2008) (Young, J.). The first step, or the notice stage, involves analysis of the pleadings and affidavits that have been submitted to determine whether notice should be given to potential class members. *Id.* The second step, which occurs after discovery has largely been completed, allows a defendant the opportunity to seek decertification of the class or restrict the class because various putative class members are not in fact similarly situated as required by the FLSA. *Id.* Therefore, a plaintiff is not required to prove his entire case to obtain initial certification; he only has the burden of proving that he is similarly situated to the other employees on whose behalf he seeks to pursue the claim. *Champneys v. Ferguson Enter., Inc.*, No. 02-CV-535, 2003

WL 1562219, *4 (S.D. Ind. Mar. 11, 2003) (Hamilton, J.).

To decide whether to initially certify a collective action, a court must determine whether members of the proposed class are indeed "similarly situated." This does not require identical positions and claims of the putative class members. *Tucker v. Labor Leasing, Inc.*, 872 F. Supp. 941, 947 (M.D. Fla. 1994); *Riojas v. Seal Produce, Inc.*, 82 F.R.D. 613, 617 (S.D. Tex. 1979). It merely requires that "common questions predominate" among the members of the class. *Alvarez v. City of Chicago*, 605 F.3d 445, 449 (7th Cir. 2010). It is sufficient if the plaintiff makes a "modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law." *Lallathin v. Ro Ro Inc.*, No. 09-CV-1293, 2010 WL 2640271, *1 (S.D. Ind. June 28, 2010) (Lawrence, J.) (citing *Austin v. CUNA Mut. Ins. Soc'y*, 232 F.R.D. 601, 605 (W.D. Wis. 2006)). When a plaintiff has defined the class too broadly, the court may conditionally certify a more limited class. *See, e.g., Moss v. Putnam Cnty Hosp.*, No. 10-CV-00028, 2010 WL 2985301, *2 (S.D. Ind. July 21, 2010) (Magnus-Stinson, J.).

Courts applying the first step of the certification test have noted that it "does not impose a high burden on the plaintiff." *Lallathin*, 2010 WL 2640271 at *1. However, this does not mean that the "modest factual showing" is a mere formality. *Nogueda v. Granite Masters, Inc.*, 2010 WL 1521296, *2 (N.D. Ind. Apr. 14, 2010); *Flores v. Lifeway Foods, Inc.*, 289 F. Supp. 2d 1042, 1045 (N.D. Ill. 2003).

To obtain initial collective action certification in this case, Plaintiffs must show that multiple potential class members were subject to the same illegal practice as they were and that these potential class members had to perform similar job duties as Plaintiffs. However, as noted above, evidence for this showing need not be admissible at trial. *Coan*, 2005 WL

1799454 at *1 n.1.  Examining the Plaintiffs' affidavits, the Court finds that Plaintiffs have met their burden to show that potential plaintiffs are similarly situated such that notice would be appropriate.  Affidavits from Rick Mathews, Lisa Kilpatrick, and Joyce Blalock—all of whom served as managers of RSMs—demonstrate a policy and practice of denying overtime compensation to RSMs in at least seven states.  Mathews Aff. at ¶ 2; Kilpatrick Aff. at ¶ 2; Blalock Aff. at ¶ 2.  In addition, these affidavits indicate that RSMs throughout the company perform similar tasks as part of their job responsibilities.  Mathews Aff. at ¶ 6; Kilpatrick Aff. at ¶ 6; Blalock Aff. at ¶ 6.

Defendant argues that Plaintiffs' evidence amounts to "unsupported assertions of violations involving a small fraction of [Defendant's] employees" rather than a company-wide policy or practice of failing to compensate for overtime.  Dkt. No. 28 at 21.  As to this assertion, it should be noted that a formal policy is not required, and indeed, even where a formal policy is compliant with the FLSA on its face, an employer may still be liable for FLSA violations occurring in common practice.  *See Russell v. Ill. Bell Tel. Co.*, No. 08-C-1871, 2010 WL 2595234, *9 (N.D. Ill. June 28, 2010) (concluding that "lawful written (or verbal) policies will not shield the company from liability if plaintiffs can show other company-wide practices that may have been contrary to those policies and violated the FLSA").  In addition, Defendant's protests go more to the merits of Plaintiffs' claims rather than whether the class is appropriate for certification.  Altogether, the affidavits provided by Plaintiffs are sufficient evidence to constitute a "modest factual showing," *Lallathin*, 2010 WL 2640271 at *1, that a practice of violating the FLSA was in place.

Defendant also disputes the scope of the class definition proposed by Plaintiffs, noting that it includes a large number of employees who work in different locations on

different project teams and are paid through different time reporting systems. The location differences between potential plaintiffs are not sufficient in and of themselves to deny collective action certification—*see, e.g., Veerkamp v. U.S. Sec. Assoc., Inc.*, No. 04-CV-0049, 2006 WL 2850020, *4 (S.D. Ind. Sept. 29, 2006) (Hamilton, J.) (noting that collective action could lie between multiple locations of a company's business)—particularly in light of the fact that here, Defendant has not shown that the duties performed by RSMs at the different locations vary significantly. The contention regarding project teams must fail for similar reasons. Although Defendant claims that Plaintiffs and their supporters all have experience in only one project team and, therefore, lack information about the circumstances on other teams, there is no evidence suggesting that job requirements between project teams vary so significantly that RSMs on different teams would not be similarly situated with regard to Defendant's overtime policies or practices. If discovery produces evidence showing that any additional plaintiffs are not similarly situated based on location, project team, or some other factor, Defendant may seek decertification at that time.

Defendant's contention regarding the time reporting systems utilized by the RSMs warrants further attention. Plaintiffs contend that one of the methods by which Defendant violated the FLSA was to instruct managers to enter the E-Labor reporting system and alter employees' time entries. According to an affidavit from Defendant's Director of Human Resources, Brian Jervis, employees categorized as "merchandisers" (RSMs) may use one of three time reporting systems depending on their team assignment. Jarvis Aff. (Dkt. No. 28-1) at 5–6. However, only the E-Labor reporting system allows managers to manually alter time records entered by employees. *Id.* at 6. Mr. Jervis declared that as of December

2009, approximately twenty-seven percent of Defendant's merchandisers used the E-Labor time reporting system. *Id.* at 4. Plaintiffs have not contradicted these contentions, so the Court will assume their validity for purposes of ruling on Plaintiffs' Motion to Certify. Accordingly, RSMs using any reporting system other than E-Labor are not similarly situated to Plaintiffs because entries in reporting systems such as PTS and Natural Insights cannot be cannot be manually altered. Stated otherwise, the Court concludes that Plaintiffs' request to certify a collective action for all RSMs is overly broad. Therefore, the Court will conditionally certify a collective action for all RSMs using the E-Labor time reporting system.

## III. CONCLUSION

For the reasons discussed herein, Defendant's Motion to Strike (Dkt. No. 24) is **DENIED**. Because the Court finds Plaintiffs' proposed class definition to be overly broad, Plaintiffs' Motion to Certify (Dkt. No. 16) is **GRANTED in part**. The Court will conditionally certify a class defined as follows:

> All persons who are or have been employed by Defendant as a "Retail Sales Merchandiser" and reported their time worked through the E-Labor reporting system, were wrongfully denied overtime compensation, or were not paid for all time that they worked for Defendant at any time within the last three (3) years preceding this Order.

Defendant shall submit to Plaintiffs a list of the names and addresses of employees falling within the proposed class within fifteen (15) days of this Order. Plaintiffs shall submit a revised proposed notice in compliance with this Order within fifteen (15) days from receipt of Defendant's list. Defendant shall file any objection thereto within fifteen (15) days of submission.

IT IS SO ORDERED this 24th day of August 2010.

_____
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution to:

Jason R. Delk
BEASLEY & GILKISON, LLP
delk@beasleylaw.com

Thomas P. Gies
CROWELL & MORING LLP
tgies@crowell.com

Daniel J. Gibson
BEASLEY & GILKISON, LLP
gibson@beasleylaw.com

Debra H. Miller
MILLER & FISHER LLC
miller@millerfisher.com