UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KAY CAMPBELL and JANIS HOLSTEIN, on behalf of themselves and others similarly situated, | )<br>)<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| vs. | ) NO. 1:09-cv-01430-LJM-DML<br>)<br>) |
| ADVANTAGE SALES & MARKETING, LLC, | )<br>)<br>) |
| Defendant. | ) |

## ORDER

This matter is before the Court on Defendant's, Advantage Sales and Marketing, LLC ("Defendant"), Motion to Clarify Order Granting Motion for Conditional Certification of Collective Action and Approval of Notice to Potential Plaintiffs ("Motion to Clarify") (Dkt. No. 48). Also before the Court is Defendant's Objections to Plaintiff's Proposed Notice to Potential Plaintiffs ("Objections to Notice") (Dkt. No. 47). The Court has considered the parties' submissions and rules as follows.

## I. BACKGROUND

On November 17, 2009, Plaintiffs filed suit in this Court on behalf of themselves and others similarly-situated, alleging that Defendant engaged in violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. Section 207, *et seq.*, by failing to pay overtime compensation to Retail Sales Merchandisers ("RSMs") who worked more than forty hours per week. Dkt. No. 1. On February 12, 2010, Plaintiffs filed a Motion to Certify Collective

1

Action and Notice to Potential Plaintiffs ("Motion to Certify"). Dkt. No. 16. In an August 24, 2010 Order, the Court granted in part Plaintiffs' Motion to Certify and conditionally certified a class as follows:

> All persons who are or have been employed by Defendant as a "Retail Sales Merchandiser" and reported their time worked through the E-Labor reporting system, were wrongfully denied overtime compensation, or were not paid for all time that they worked for Defendant at any time within the last three (3) years preceding this Order.

Dkt. No. 41 at 11.

On September 15, 2010, in compliance with the Court's Order, Plaintiffs submitted a Proposed Notice ("Notice") for the Court's Approval. Dkt. No. 42. On September 20, the Court approved the Notice. Dkt. No. 43. However, following a request from Defendant, the Court stayed its September 20 Order to allow Defendant to raise objections to the Notice. Dkt. No. 45. Defendant filed a number of objections to the Notice, as well as a Motion to Clarify seeking limitation of the potential class to full-time RSMs and specifically excluding part-time RSMs. Dkt. Nos. 47, 48.

The Court adds additional facts below as needed.

## II. DISCUSSION

### A. WAIVER OF OBJECTIONS

Plaintiffs contend that, by failing to raise certain objections to the Notice in conjunction with conditional class certification, Defendant has waived its right to object to the Notice apart from those changes made subsequent to the Court's August 24, 2010 Order conditionally certifying the class ("Certification Order"). Dkt. No. 42 at 2 n.1; Dkt. No. 50 at 2 n.1. Therefore, Plaintiffs contend, Defendant should be permitted to challenge only

the language updating the class definition to comply with the Certification Order and the lengthening of the opt-in period. *Id.*

A party may waive an argument by raising it in an untimely manner. *See River v. Commercial Life Ins. Co.*, 160 F.3d 1164, 1173 (7th Cir. 1998). However, the Certification Order specifically provides that Defendant "shall file any objection" to the compliant Notice within fifteen days of its submission to the Court. Dkt. No. 41 at 11. In a collective action, the Court has broad discretion to examine the language of court-ordered notice to potential plaintiffs. *See Hoffman-LaRoche Inc. v. Sperling*, 493 U.S. 165, 170–72 (1989). In the interests of justice and complying with the plain language of the Certification Order, the Court declines to conclude that Defendant has waived its objections and proceeds to address the same.

### B. MOTION TO CLARIFY

In its Motion to Clarify, Defendant contends that the class subject to notice should consist only of "full-time" RSMs. Dkt. No. 48 at 1. Defendant argues that, by definition, part-time RSMs work thirty-five hours or less per week. Dkt. No. 49 at 2; *see also* Dkt. No. 49 Ex. A ("Jervis Decl.") ¶ 2. Plaintiffs both worked for Defendant as full-time RSMs, and the affidavits submitted by Plaintiffs in support of collective action certification were all from full-time RSMs. *Id.* at ¶¶ 8–13. Before addressing Defendant's contention, the Court notes that Defendant implicitly raised this argument in its response leading up to the Certification Order by consistently distinguishing between "full-time" and "part-time" employees throughout its fact description and argument. *See generally* Dkt. No. 28. However, in the interest of clarity and judicial economy going forward, the Court proceeds to address this

3

argument explicitly.

Plaintiffs bear the burden of proving that potential plaintiffs belong in a given collective action class, although "courts generally do not require prospective class members to be identical." *Clausman v. Nortel Networks, Inc.*, No. IP-02-0400, 2003 WL 21314065, at *3 (S.D. Ind. May 1, 2003) (McKinney, C.J.) (citing *Moss v. Crawford & Co.*, 201 F.R.D. 398, 409 (W.D. Pa. 2000)). The standard for conditional certification is "fairly lenient." *Id.* In contrast to Defendant's assertion, as opposed to recognizing only claims for unpaid minimum wage and overtime, the FLSA requires that all hours worked must be compensated. *See Tenn. Coal, Iron & R.R. Co. v. Muscoda Local No. 123*, 321 U.S. 590, 597 (1944) ("Congress enacted the FLSA to guarantee either regular or overtime compensation for all actual work or employment."), *superseded by statute on other grounds*, Portal-to-Portal Act, 29 U.S.C. § 254, *as recognized in IBP, Inc. v. Alvarez*, 546 U.S. 21, 25 (2005); *see also Chao v. Tradesmen Int'l, Inc.*, 310 F.3d 904, 907 (6th Cir. 2002) (noting that FLSA requires payment for all work performed). Therefore, in this case, Plaintiffs must prove that part-time RSMs may have cognizable FLSA claims in order for part-time RSMs to be included in the collective action class.

Given the evidence previously introduced to the Court regarding the working hours of full-time RSMs, *see generally* Dkt. No. 41, there is no reason to suggest that Defendant's designation of certain RSMs as "part-time" precludes those employees from having a cognizable FLSA claim. *See, e.g., Searson v. Concord Mortgage Corp.*, No. 07-CV-3909, 2009 WL 3063316, at *6 (E.D.N.Y. Sept. 24, 2009) (conditionally certifying a class including both full-time and part-time mortgage consultants). Plaintiffs allege that they were required to work approximately forty-five to fifty-five hours per week. Campbell Aff. ¶ 9; Holstein

4

Aff. ¶ 9. Even accepting Defendant's contention that part-time RSMs are scheduled to work no more than thirty-five hours per week, Plaintiffs have alleged that Defendant required at least ten to fifteen hours of extra work per week. *Id.* There is no evidence to suggest that part-time RSMs would not have been required to work more hours than they were scheduled, and this requirement could give rise to a cognizable FLSA claim. At this time, the Court concludes that part-time RSMs are potential plaintiffs in the collective action class and declines to limit the collective action class to include only full-time RSMs. The Court notes that, once discovery has progressed, Defendant may renew its challenge if class members appear not to be similarly situated in fact. *See Cheesman v. Nexstar Broad. Grp., Inc.*, No. 07-CV-360, 2008 WL 2225617, at *2 (S.D. Ind. May 27, 2008) (Young, J.).

### C. OBJECTIONS TO PLAINTIFF'S PROPOSED NOTICE

In addition to the concerns regarding class definition raised in the Motion to Clarify, Defendant also objects to some of the other language[1] used in the Notice. *See* Dkt. No. 47. Plaintiffs have submitted a Revised Notice incorporating some of Defendant's language. Dkt. No. 50 Ex. A ("Revised Notice").[2] Therefore, the Court addresses Defendant's objections only to the extent they are not addressed by Plaintiffs' Revised

---

[1] Defendant notes that the email address for Defendant's counsel Mr. Gies is incorrect in the Revised Notice. Dkt. No. 47 Ex. B. at 6. Plaintiffs shall correct this typographical error in any Notice to be sent to potential plaintiffs.

[2] In particular, Plaintiffs have updated their notice to address Defendant's concerns regarding the discovery obligations of potential plaintiffs and specific language addressing the consequences of failing to opt-in. *See* Revised Notice at 4–5. The Court, therefore, declines to address further Defendant's arguments on these issues.

Notice. In reviewing Defendant's objections, the Court is cognizant that potential plaintiffs should receive "accurate and timely notice . . . so that they can make informed decisions about whether to participate." *Hoffman-LaRoche*, 493 U.S. at 170.

### 1. DESCRIPTION OF PLAINTIFF'S CLAIMS

Defendant contends that Plaintiffs' description in the Notice does not present "an accurate or impartial description of the nature of the claims." Dkt. No. 47 at 1–2. In particular, Defendant objects to a statement that "each [RSM] is owed thousands of dollars in unpaid overtime and additional statutory damages." Revised Notice at 2. Defendant seeks significant rewording that omits much of the detail about Plaintiffs' claims. *See* Dkt. No. 47 Ex. B. at 3.

*Hoffman-LaRoche* requires that trial courts "take care to avoid even the appearance of judicial endorsement of the merits of the action" and "scrupulous[ly] . . . respect judicial neutrality" in evaluating notice for collective actions. *Hoffman-LaRoche*, 493 U.S. at 174. Defendant argues that compliance with *Hoffman-LaRoche* requires "a neutral statement of the claims and the [defendant's] answer, without any indication of the future outcome in the case." Dkt. No. 47 at 2 (quoting *Gayle v. United States*, 85 Fed. Cl. 72, 81 (2008)). Defendant does not suggest that the language of the Revised Notice is an inaccurate description of Plaintiffs' allegations; rather, Defendant contends that the language is not neutral and, therefore, amounts to an endorsement of Plaintiffs' position. *Id.* Examining the language of the Revised Notice, the Court concludes that Plaintiffs' language adequately describes the claims without giving the impression that the Court takes any position on the merits of the action. Plaintiffs' allegations regarding Defendant's conduct

6

include disclaimers such as "Plaintiffs allege" and "Plaintiffs contend." Revised Notice at 2. Additionally, Plaintiffs' contention that the less-detailed language favored by Defendant fails to "inform[] the potential plaintiffs of the types of allegations they are agreeing to join" is well-taken. *See* Dkt. No. 50 at 4. Because the language of the Revised Notice describing the claims accurately describes Plaintiffs' contentions in this case without giving the impression of Court endorsement of the claims' merits, the Court concludes that Plaintiffs' description of the claims in the Revised Notice may remain the same.

## 2. POSSIBILITY OF INVALID CLAIM

Defendant also contends that the Notice does not inform potential plaintiffs properly of the possibility of lack of a valid claim or non-recovery. Dkt. No. 47 at 2–3. However, the Court agrees with Plaintiffs that this argument ignores the language of the Revised Notice, which specifically states, "The right to recovery for any individual is not guaranteed or certain." Revised Notice at 2. The language also indicates that "This Notice is only for the purpose of determining the identity of those persons who wish to be involved in this case and has no other purpose." *Id.* at 3. It also informs potential plaintiffs that even if a Consent Form is filed, they may not be permitted to participate if the Court determines that they are not in fact similarly situated to Plaintiffs. *Id.* In the Court's view, this language adequately informs potential plaintiffs that they may not have claims or may not recover. Although more pointed language would be permissible, Defendant has not shown the Court that more pointed language is either necessary or required.

## 3. LENGTH OF OPT-IN PERIOD

Plaintiffs initially proposed a sixty (60) day opt-in period, but they have requested a ninety (90) period as a result of the size of the potential class, which they claim to be over 5,000 potential plaintiffs. *See* Dkt. No. 42 at 3 n.2. Defendant contends that a ninety day opt-in period is "excessive" and requests that the Court limit the opt-in period to sixty days. Dkt. No. 47 at 3. The length of the opt-in period is within the Court's discretion. *See Hoffman-LaRoche*, 493 U.S. at 170. Courts have allowed opt-in periods as short as thirty days and as long as 120 days. *Compare Keff v. M.A. Mortenson Co.*, No. 07-CV-3915, 2008 WL 3166302, at *2 (D. Minn. Aug. 4, 2008) (30 days)*, with Anyere v. Wells Fargo Co., Inc.*, No. 09-C-2769, 2010 WL 1542180, at *4 (N.D. Ill. Apr. 12, 2010) (120 days). In the interest of justice, the Court concludes that a ninety (90) day opt-in period is appropriate.

## 4. CONTINGENCY FEE ARRANGEMENT

Lastly, Defendant contends that Plaintiffs' Notice does not inform potential plaintiffs of their obligations under Plaintiffs' contingency fee arrangement adequately. Dkt. No. 47 at 3–4. The Revised Notice contains the following language addressing the contingency fee:

> The representative Plaintiffs in this matter have entered into a contingency fee agreement with Plaintiffs' counsel, which means that if there is no recovery, there will be no attorneys' fees or costs chargeable to you. If there is a recovery, Plaintiffs' counsel will receive a part of any settlement obtained or money judgment entered in favor of all members of the class. You may request a copy of the contingency fee agreement in this matter from Plaintiffs' counsel at the address, telephone number, facsimile number, or email address below.

Revised Notice at 4. The Court concludes that the language referenced above adequately

informs potential plaintiffs about their obligations under Plaintiffs' contingency fee arrangement.

The Court concludes that none of Defendant's objections require change to Plaintiffs' Revised Notice, and the Revised Notice is therefore **APPROVED**. The Revised Notice may be sent to potential plaintiffs in accordance with this Order.

### III. CONCLUSION

For the foregoing reasons, Defendant's Motion to Clarify (Dkt. No. 48) is **GRANTED**, and the Court's August 24, 2010 Order (Dkt. No. 41) is clarified as set forth in this Order. Plaintiffs's Revised Notice (Dkt. No. 50 Ex. A) is **APPROVED**.

The Revised Notice shall be mailed within ten (10) business days from the date of this Order. The Notice of Consent to Become a Party Plaintiff in a Collective Action Under the Fair Labor Standards Act shall be enclosed with the Notice to Potential Plaintiffs, along with a self-addressed, postage paid return envelope. Plaintiffs are permitted to send subsequent mailings of the Revised Notice. The Notice and Consent Forms shall be mailed by first class mail or overnight delivery.

The Potential Opt-In Plaintiffs shall be provided ninety (90) days after the deadline for mailing of the Notice to Potential Plaintiffs to file a Consent Form opting-in to this litigation, unless the Parties agree to permit late filings or good cause can be shown as to why the consent was not filed prior to the deadline. Plaintiffs shall provide the Court and opposing counsel with a notice indicating the date in which the Notice forms were mailed.

IT IS SO ORDERED this  28th  day of October 2010.

_____
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution to:

Jason R. Delk
BEASLEY & GILKISON, LLP
delk@delkmcnally.com

Daniel J. Gibson
DELK MCNALLY
gibson@delkmcnally.com

Thomas P. Gies
CROWELL & MORING LLP
tgies@crowell.com

Debra H. Miller
MILLER & FISHER LLC
miller@millerfisher.com