UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KAY CAMPBELL and JANIS HOLSTEIN, *on behalf of themselves and all others similarly situated*,<br><br>　　　　Plaintiffs,<br>　vs.<br><br>ADVANTAGE SALES & MARKETING LLC,<br><br>　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>) 1:09-cv-01430-LJM-MJD<br>)<br>)<br>)<br>)<br>) |

## ORDER ON JOINT MOTION TO APPROVE SETTLEMENT OF COLLECTIVE ACTION

Pending before the Court is the parties' Joint Motion to Approve Settlement of Collective Action [Dkt. No. 207]. The Court has considered the parties' submissions and **GRANTS** the Motion [Dkt. No. 207].

### I. BACKGROUND

On November 17, 2009, plaintiffs Kay Campbell and Janis Holstein ("Named Plaintiffs") brought this action against defendant, Advantage Sales & Marketing LLC ("Defendant"), under the Fair Labor Standards Act ("FLSA"). Dkt. No. 1. Named Plaintiffs contend that Defendant failed to pay required overtime wages to themselves and other similarly situated Retail Sales Merchandisers ("RSMs") for "off-the-clock" work. *Id.*

On August 24, 2010, the Court conditionally certified this action as a collective action under the FLSA, 29 U.S.C. § 216(b). Dkt. No. 41. The conditionally certified class is defined as follows:

> All persons who are or have been employed by Advantage Sales & Marketing as a Retail Sales Merchandiser and reported their time worked through the E-Labor reporting system, were wrongfully denied overtime compensation, or were not paid for the all the time they worked for Defendant at any time within the last three (3) years preceding this Order.

*Id.* at 11.  Notice was sent by Named Plaintiffs to members of the certified class giving them an opportunity to opt in to this suit.  Dkt. No. 64.

Between November 2010 and February 2011, 716 individuals ("Opt-In Plaintiffs") (Named Plaintiffs and Opt-In Plaintiffs, collectively, "Plaintiffs") filed consent forms to opt in to this action.  *See* dkt. nos. 65–75, 77–80, 82–84, 87, 89, 91, 93, 96, 98, 101, 103–05, 107–119.  The parties subsequently agreed that fifty-two Opt-In Plaintiffs should be dismissed, and the Court dismissed these Opt-In Plaintiffs.  Dkt. No. 211.  In total, 666 Plaintiffs remain.

On March 9, 2012, the parties met with mediator Hunter Hughes and agreed to a settlement ("Settlement Agreement").  Dkt. No. 207 at 2.  The Settlement Agreement details a method for calculation of the awards to be given to each Plaintiff.  The parties have agreed, subject to the Court's approval, for Settlement Services, Inc. of Tallahassee, Florida, to serve as the Claims Administrator.  The parties also agreed to a payment of $37,000.00 to the Claims Administrator for its services and an award for Plaintiffs' attorneys amounting to one-third of the maximum settlement payment in addition to costs.  The parties now request the Court's approval of the Settlement Agreement.

The Court includes additional facts below as necessary.

2

## II.  DISCUSSION

FLSA collective action settlement agreements require judicial approval. 29 U.S.C. § 216(b)–(c); *Walton v. United Consumers Club, Inc.*, 786 F.2d 303, 306 (7th Cir. 1986). "Normally, a settlement is approved where it is the result of 'contentious arm's length negotiations, which were undertaken in good faith by counsel . . . and serious questions of law and fact exist such that the value of an immediate recovery outweighs the mere possibility of further relief after protracted and expensive litigation." *Burkholder v. City of Ft. Wayne*, 750 F. Supp. 2d 990, 995 (N.D. Ind. 2010).

The Court must determine the fairness of the Settlement Agreement by considering "whether the agreement reflects a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." *Id.* The following factors are to be considered:

> (1) the complexity, expense, and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceeding and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class action through the trial; (7) the ability of the defendants to withstand a larger judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; and (9) the range of reasonableness of the settlement fund in light of all the risks of litigation.

*Id.*

Examining these factors, the Court concludes that the Settlement Agreement is fair and reasonable. The parties have litigated this case extensively for more than two years, including reviewing thousands of pages of documents and taking thirty-one depositions. Dkt. No. 207 at 6. Trial in this action likely would be complex, time-consuming, and expensive for both sides. Additionally, there are still a number of remaining legal and

factual issues, including whether certification is appropriate beyond the preliminary stage, whether each Plaintiff is rightly included in the class, and the merits of the Plaintiffs' claims. The outcome of a trial on the merits is uncertain. In short, the Court concludes that the Settlement Agreement acceptably balances the risks of a potential trial in a way that is fair and reasonable.

In addition to the Settlement Agreement generally, the parties request that the Court specifically approve their selection of a Claims Administrator, as well as the attorneys' fees award to Plaintiffs' counsel. The parties' chosen Claims Administrator, Settlement Services, Inc., has served as Claims Administrator in other litigation, *see, e.g.*, *Clark v. Ecolab Inc.*, 2010 WL 1948198, at *8 (S.D.N.Y. May 11, 2010), and the Court concludes that it is qualified to do so here in accordance with the claims procedure set forth in the Settlement Agreement. The Court further concludes that $37,000.00 in proposed costs for claims administration is reasonable.

As to the attorneys' fees for Plaintiffs' counsel, the Settlement Agreement provides that Plaintiffs' counsel is to receive one-third of the maximum settlement payment plus costs of $74,794.29. Although the Court has the discretion to use either a percentage method or a lodestar method in common fund cases such as this, the Seventh Circuit has recognized that the percentage method has advantages for simplicity of administration. *Florin v. Nationsbank of Ga., N.A.*, 34 F.3d 560, 566 (7th Cir. 1994). The fee should reflect the "market price for legal services, in light of the risk of nonpayment and the normal rate of compensation in the market at the time." *In re Ready-Mix Concrete Antitrust Litig.*, No. 1:05-cv-979, 2010 WL 3282591, at *2 (S.D. Ind. Aug. 17, 2010) (Barker, J.) (citing *Sutton v. Bernard*, 504 F.3d 688, 692 (7th Cir. 2007)). A fee of the agreed percentage has been

approved by a number of courts across the country in similar cases. *See id.*; *see also Burkholder*, 750 F. Supp. 2d at 997; *Rotuna v. W. Customer Mgmt. Grp., LLC*, No. 4:09-cv-1608, 2010 WL 2490989, at *8 (N.D. Ohio June 15, 2010); *Duchene v. Michael Cetta, Inc.*, No. 06 Civ. 4576, 2009 WL 5841175, at *3 (S.D.N.Y. Sept. 10, 2009). Plaintiffs' counsel worked under a contingency fee arrangement that all Plaintiffs consented to be bound by, and counsel expended a substantial amount of time and energy litigating this matter. The Court concludes that an attorneys' fee of one-third of the maximum settlement payment plus $74,794.29 costs is reasonable and approves it as such.

### III. CONCLUSION

For the reasons set forth herein, the Court hereby **GRANTS** the parties' Joint Motion to Approve Settlement of Collective Action [Dkt. No. 207].

Plaintiff's counsel's shall be awarded one-third of the total maximum payment under the Settlement Agreement as attorneys' fees pursuant to the Settlement Agreement. Plaintiff's counsel shall also be awarded a further $74,794.29 in costs.

The parties are authorized to hire Settlement Services, Inc. as the Claims Administrator and to remit payment from the total settlement payment in the amount of $37,000.00 to said Claims Administrator pursuant to the Settlement Agreement.

IT IS SO ORDERED this 24th day of April, 2012.

LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution to:

Andrew W. Bagley
CROWELL & MORING LLP
abagley@crowell.com

Christopher P. Calsyn
CROWELL & MORING LLP
ccalsyn@crowell.com

Jason R. Delk
DELK MCNALLY
delk@delkmcnally.com

Trina Fairley
CROWELL & MORING LLP
tfairley-barlow@crowell.com

Daniel J. Gibson
DELK MCNALLY
gibson@delkmcnally.com

Thomas P. Gies
CROWELL & MORING LLP
tgies@crowell.com

Arash Jahanian
CROWELL & MORING LLP
ajahanian@crowell.com

Emily Kilgore
ADVANTAGE SALES & MARKETING LLC
emily.kilgore@asmnet.com

Tania B. King
Advantage Sales & Marketing LLC
tania.king@asmnet.com

Michael T. McNally
DELK MCNALLY
mcnally@delkmcnally.com

Debra H. Miller
MILLER & FISHER LLC
miller@millerfisher.com

Jonathan A. Moskowitz
CROWELL & MORING LLP
jmoskowitz@crowell.com